*987 OPINION.
Van Fossan:
The only issue presented for our consideration in this case is whether or not the sum of $91,867.49 charged to profit and loss on the petitioner’s books on March 31, 1921, and included in the petitioner’s return of income for the year 1921 as “ deposits on coal contracts forfeited ” was a proper element of income. (The said sum of $91,867.49 differs by $20.15 from the sum of the entries of $87,898.23 and $3,949.11 appearing in the exhibits filed with the stipulation of facts.) The said $91,867.49 represents balances *988 due to the Matlack Coal & Iron Co. and the Raleigh Smokeless Fuel Co. (called Matlack and Raleigh, respectively, in the findings of fact), after having credited against the $150,000 advanced to the petitioner by Matlack and Raleigh the sum of $1 for each ton of coal produced under and pursuant to the terms of the contract of August 2, 1920.
The petitioner claims that the action of its accountant in charging the above sum to profit and loss was erroneous and urges that when the entire situation is considered no income accrued except the amounts credited at the rate of $1 for each ton of coal delivered.
We have held that bookkeeping entries are evidentiary and not conclusive and that we may disregard erroneous and improper entries in order to determine the true income of the petitioner. Chatham & Phenix National Bank, 1 B. T. A. 460; Cleveland Woolen Mills, 8 B. T. A. 49; Henry S. Parker, 11 B. T. A. 1336; Luther Elkins, 12 B. T. A. 1058; Maney Milling Co., 14 B. T. A. 1001.
A careful study of the contract of August 2, 1920, and of the actions of the parties under that contract leads us to the conclusion that the entries so made by the accountant were, in fact, improper. As provided by the contract, Matlack and Raleigh advanced to the petitioner the sum of $150,000 from August 19, 1920, to March 31, 1921, inclusive. Rotes were given to evidence the indebtedness. It appears clear to us that the advances so made were in the nature cf loans to be repaid by the deduction from subsequent payments of $1 for each ton of coal delivered to Matlack and Raleigh. These advances became income to petitioner only as and when recoupment was made from deliveries. Nor did the unrecouped balance on hand when the contract was breached automatically become income.
The actions brought in the Circuit Court of Raleigh County, West Virginia, in 1923 resulted in the recovery by Raleigh of a judgment for the amount of its unpaid balance, which judgment was affirmed by the Supreme Court of the State on June 15, 1925. Thereupon, petitioner repaid to Raleigh $39,472.49, which amount included the sum of $3,949.11 previously transferred to profit and loss on March 3, 1921. Obviously, the erroneous entry in petitioner’s books in 1921 did not make this sum income. In fact, by the determination of the court and the subsequent repayment by petitioner it was established that this amount never was income to the petitioner.
Matlack, being still bound under the contract for the purchase of a large amount of coal, from which obligation it desired to be released, in 1925 entered into an agreement with petitioner under which petitioner, in consideration of releasing its claim against Matlack, retained the unrecouped balance in its hands amounting to $87,898.23.. This settlement constituted a total departure from the previously obtaining situation and created new rights. Whether the sum of *989 $87,898.23, which Matlack agreed petitioner should retain (apparently as liquidated damages), became income to petitioner in 1925 we need not decide. Certain it is that it was not income in 1920 or 1921. On March 31,1921, the date of the erroneous entry, the rights of the parties were still undetermined. The settlement had not been made. It was not until the final adjustment and determination of July 30, 1925, that petitioner’s right to retain this sum was fixed. Until that date it occupied the status of a loan to the repayment of which petitioner was obligated.
We are of the opinion, therefore, that the sum of $91,867.49 erroneously charged to profit and loss on petitioner’s books on March 31, 1921, did not constitute income to petitioner for that or the preceding year.

Decision will be entered under Bule 50.